Keith Fichtelman (SBN 262476)
**NELSON COMIS KETTLE & KINNEY LLP**
5811 Olivas Park Drive, Suite 202
Ventura, California 93003
Telephone: 805.604.4100
Facsimile: 805.604.4150
Email: kfichtelman@calattys.com

Attorneys for Plaintiff
JEROME DAROYA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME DAROYA, an Individual;<br><br>Plaintiffs,<br><br>v.<br><br>MARY JOSEPHINE DAROYA-LUSHINA, an Individual;<br>DOMINICK RAMOS, an Individual;<br><br>Defendants. | Case No.: 2:22-cv-2695<br><br>**COMPLAINT FOR:**<br>**1. CIVIL RICO (18 U.S.C. §§ 1961, *et seq.*);**<br>**2. CONVERSION**<br>**3. BREACH OF FIDUCIARY DUTY**<br>**4. VIOLATIONS OF CAL. BUS. & PROF. C. §§ 17200, *et. seq.*;**<br>**5. CONSTRUCTIVE TRUST**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff JEROME DAROYA ("Mr. Daroya" or "Plaintiff") hereby brings this Complaint against MARY JOSEPHINE DAROYA-LUSHINA ("Daroya-Lushina") and DOMINICK RAMOS ("Ramos") (collectively "Defendants") for damages as follows:

1. This action arises out of Daroya-Lushina and Ramos' illegal scheme to deprive Mr. Daroya of an interest he owns in a company, Cookie and Kuya Enterprises, LLC ("CKE"), and his share of proceeds from the sale of real property recently sold by CKE. Specifically, Ramos and Daroya-Lushina forged documentation that was provided to a purchaser and escrow company in an attempt to exclude Mr. Daroya from involvement in the sale of the real property and then distributed the proceeds to the sale to themselves rather than providing Mr. Daroya his share. In furtherance of their illegal scheme, Ramos and Daroya-Lushina also filed false documentation with the California Secretary of State.

2. As a result of Ramos and Daroya-Lushina's illegal actions, Mr. Daroya has suffered damages in excess of $200,000.

## PARTIES

3. Mr. Daroya is an individual who resides in the County of Los Angeles in the State of California. At all relevant times, Mr. Daroya was a member and manager of CKE.

4. Daroya-Lushina is an individual who is believed to have at all relevant times resided in the County of Los Angeles in the State of California. Daroya-Lushina is Mr. Daroya's sister. Daroya-Lushina has also at all relevant times been a member and manager of CKE.

5. Ramos is an individual who is believed to have at all relevant times resided in the County of Los Angeles in the State of California. Ramos is (or was) romantically involved with Daroya-Lushina.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Defendants as they are both residents of the State of California.

7. This Court has subject matter jurisdiction over this matter pursuant to Title 28 of the United States Code section 1331 as some of the claims alleged herein are based on the laws of the United States of America.

8. Venue is proper in this Court under Title 28 of the United States Code section 1391 as Defendants reside within this judicial district. Venue is proper in the Western Division as the Defendants are residents of the County of Los Angeles.

## GENERAL ALLEGATIONS

9. Upon the death of their father, Mr. Daroya and Daroya-Lushina inherited a condominium located at 21610 South Perry Street, Unit 15 in Carson, California (the "Property"). Mr. Daroya and Daroya-Lushina decided that it would be best to hold the Property through a limited liability company that they would jointly own.

10. On or about September 30, 2020, Mr. Daroya and Daroya-Lushina created CKE for the purpose of holding their joint interest in the Property. CKE was created as a limited liability company under the laws of California. Mr. Daroya and Daroya-Lushina each owned a 50% membership of the CKE.

11. Per CKE's Operating Agreement, Mr. Daroya and Daroya-Lushina also appointed themselves to each act as managers of CKE.

12. On or about October 8, 2020, CKE filed a Statement of Information with the California Secretary of State. Among other things, the Statement of Information identified Mr. Daroya and Daroya-Lushina as each being managers of CKE. The mailing and street address for CKE was identified as 100 N. Brand

Blvd., Unit 22B in Glendale, California.  Mr. Daroya electronically signed the Statement of Information as a manager of CKE.

13.  In or about 2021, Daroya-Lushina and her boyfriend, Ramos, undertook a fraudulent scheme through CKE to effectively deprive Mr. Daroya of his interest in CKE; to sell CKE's primary asset, the Property; and to divert the proceeds from the sale of the Property to themselves to deprive Mr. Daroya of his share of such proceeds.

14.  Unbeknownst to Plaintiff at the time, on September 23, 2021, Ramos caused to be filed a new Statement of Information with the California Secretary of State that contained numerous falsehoods.  Such falsehoods included that Daroya-Lushina was the sole manager of CKE.  It also falsely identified the principal office for CKE as being at 955 Deep Valley Drive, Unit 2202 in Palos Verdes Peninsula, California.  It also falsely identified the mailing address for CKE as 830 North Juanita Avenue in Redondo Beach, California.  Plaintiff is informed and believes, and on that basis alleges, that Ramos submitted this fraudulent Statement of Information electronically through the internet.

15.  In or around the same time, Ramos and/or Daroya-Lushina began attempts to sell the Property without Plaintiff's knowledge or consent.  To that end, Ramos and/or Daroya-Lushina contacted Opendoor.

16.  Opendoor is a Delaware company based in Arizona.  Opendoor operates a website whereby property owners can submit information regarding properties that they are attempting to sell and Opendoor will make cash offers for the properties.

17.  Opendoor agreed to purchase the Property.  Plaintiff is informed and believes, and on that basis alleges, that Opendoor and/or its title insurance company required Daroya-Lushina and/or Ramos to provide certain company

records to prove that Daroya-Lushina was authorized to complete the sale of the Property on behalf of CKE.

18. Plaintiff is informed and believes, and on that basis alleges, that Ramos and/or Daroya-Lushina submitted numerous fraudulent documents to Opendoor and/or an escrow officer through the US mails and/or by electronic means. Such documents included a fraudulent copy of CKE's Operating Agreement wherein Mr. Daroya's ownership of the company was identified as 5% and Daroya-Lushina's ownership was identified as 95% rather than the actual 50% ownership held by each. Ramos and/or Daroya-Lushina also submitted documents falsely indicating that Mr. Daroya had surrendered his share of CKE and bore a forgery of Mr. Daroya's signature.

19. Plaintiff is informed and believes, and on that basis alleges, that Defendants intended to conceal the facts relating to the sale of the Property from Mr. Daroya until after the Property was sold.

20. Based on the fraudulent documents, Daroya-Lushina claimed to have authority to bind CKE to a sale of the Property and proceeded to sell the Property to Opendoor for the amount of $496,500. Plaintiff is informed and believes, and on that basis alleges, that in furtherance of their fraudulent scheme, Ramos and/or Daroya-Lushina arranged for the proceeds from the sale of the Property to be sent to them by electronic wire.

21. Thereafter, Ramos and Daroya-Lushina converted the proceeds from the sale of the Property to their personal benefit and did not provide any share of the proceeds to Mr. Daroya.

# FIRST CAUSE OF ACTION
## CIVIL RICO - (18 U.S.C. §§ 1961, *et seq*.)
### [Against all Defendants]

22. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs above as though set forth fully herein.

23. Defendants are guilty of violating Title 18 of the United States Code sections 1961, *et seq.*, more commonly known as the Racketeer Influenced & Corrupt Organizations Act ("RICO").

24. Through the acts complained above, Defendants acted through an enterprise, CKE, and engaged and/or affected interstate commerce through its negotiation and/or sale of the Property to an out-of-state purchaser, Opendoor.

25. In furtherance of their illegal scheme, Defendants engaged in a pattern of racketeering, which included multiple acts of racketeering committed within the past 10 years.

26. Such acts included, but are not necessarily limited to, sending by electronic means and/or through the U.S. Postal Service communications to further their fraudulent scheme, including sending a fraudulent Statement of Information to the California Secretary of State, sending fraudulent and forged company documents, and sending other communications in furtherance of their fraudulent scheme. Furthermore, in furtherance of their scheme, Defendants received and/or sent financial wire transfers.

27. Through this enterprise, the Defendants committed a pattern of racketeering activity including theft, fraud, wire fraud in violation of 18 U.S.C. § 1343, and/or mail fraud in violation of 18 U.S.C. § 1341.

28. Such pattern of racketeering activity has spanned over a year and may be continuing, and possibly will continue, to repeat itself unless Defendants are held appropriately liable for their conduct.

- 6 -
COMPLAINT

29. As a result of the violation by Defendants of 18 U.S.C §§1961, 1343, 1341, Mr. Daroya suffered and will continue to suffer damages in a sum to be proven at trial but believed to be in excess of $200,000.

30. Pursuant to 18 U.S.C. § 1964, Mr. Daroya is entitled to recover three times the amount of actual damages suffered and all costs of this suit, including reasonable attorneys' fees, from Defendants. Mr. Daroya further requests pursuant to 18 U.S.C. § 1964 that the Court issue all necessary orders to prevent and restrain Defendants from their racketeering activities.

## SECOND CAUSE OF ACTION
## CONVERSION
## [Against All Defendants]

31. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs above as though set forth fully herein.

32. Defendants improperly converted for their own benefit money properly belonging to Mr. Daroya within the past three years.

33. Such money includes Mr. Daroya's interest in his share of the proceeds from the sale of the Property. Mr. Daroya's interest was at least 50% of such proceeds after any applicable expenses or other fees were paid.

34. Defendants substantially and intentionally interfered with Mr. Daroya's rights to such sums by diverting all of the proceeds derived from the sale of the Property for their personal benefit rather than paying any sums to Mr. Daroya.

35. Mr. Daroya did not consent to such sums being improperly diverted to Defendants' benefit.

36. By reason of the wrongful conversion by Defendants, Mr. Daroya suffered and will continue to suffer damages in a sum to be proven at trial.

37. In committing the above-described conversion, Defendants were guilty of fraud, malice, and oppression, and their conduct was despicable. Defendants' acts were undertaken in conscious disregard of Mr. Daroya's rights and committed with the purpose and intent of harming and injuring Mr. Daroya, warranting an award of exemplary and punitive damages against Defendants pursuant to California Civil Code section 3294.

## THIRD CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY
### [Against Daroya-Lushina]

38. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs above as though set forth fully herein.

39. Under California law, managers of a limited liability company owe certain fiduciary duties to the members of the LLC.

40. Pursuant to Section 17704.09 of the California Corporations Code a manager owes duties of loyalty, care, and good faith and fair dealing to the LLC and its members.

41. The duty of loyalty owed by an LLC manager includes to hold as trustee any "property, profit, or benefit derived" by the member-manager in the conduct of the LLC's activities. Cal. Corp. C. § 17704.09(b).

42. The duty of care owed by an LLC manager includes to refrain from engaging in any "grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law." Cal. Corp. C. § 17704.09(c).

43. Accordingly, Daroya-Lushina owed duties of loyalty, care, and good faith and fair dealing to Mr. Daroya as a member of CKE.

44. Through the actions complained of herein, Daroya-Lushina violated these fiduciary duties owed to Mr. Daroya.

45. Specifically, Daroya-Lushina breached her duty of loyalty by selling the Property without authorization and diverting the profits and benefits derived through the sale of the Property to her own benefit rather than the benefit of CKE and its other member, Mr. Daroya.

46. Daroya-Lushina breached her duty of care by engaging in actions that amounted to negligent and reckless conduct, intentional misconduct and knowing violations of law.

47. Finally, Daroya-Lushina breach her duty of good faith and fair dealing by forging documents, creating fraudulent and false documents, and sending such documents in the course of her fraudulent scheme to ensure that Mr. Daroya would not learn of the sale of the Property until after proceeds from the sale were diverted for her and Ramos's personal benefit.

48. As a direct and proximate result of Daroya-Lushina's breach of fiduciary duties, Mr. Daroya suffered damages in an exact sum to be proven at trial.

49. In breaching the fiduciary duties owed to Mr. Daroya, Daroya-Lushina was guilty of fraud, malice, and oppression, and her conduct was despicable. Daroya-Lushina's acts were undertaken in conscious disregard of Mr. Daroya's rights and committed with the purpose and intent of harming and injuring Mr. Daroya, warranting an award of exemplary and punitive damages against Daroya-Lushina pursuant to California Civil Code section 3294.

## FOURTH CAUSE OF ACTION
## VIOLATIONS OF CAL. BUS. & PROF. C. §§ 17200, *et. seq.*
## [Against All Defendants]

50. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs above as though set forth fully herein.

51. Through the actions complained of above, the Defendants engaged in

a pattern of unlawful, fraudulent, and unfair business practices in violation of California Business and Professions Code section 17200, *et seq.*

52. The Defendants' fraudulent conduct includes, but is not necessarily limited to, the deceptive and false representations referenced above. Such fraudulent conduct also includes the intentional concealment of certain facts from Mr. Daroya to avoid his discovery of their scheme.

53. The Defendants' unlawful conduct includes, but is not necessarily limited to, the pattern of racketeering activity complained of above including theft, fraud, wire fraud in violation of 18 U.S.C. § 1343, and mail fraud in violation of 18 U.S.C. § 1341.

54. Through the unlawful, fraudulent, and unfair conduct described herein the Defendants unjustly acquired money that properly belonged to Mr. Daroya. Justice demands that Defendants should be disgorged of such moneys and such moneys must be restored to Mr. Daroya.

55. Defendants should be further enjoined and restrained on a temporary, preliminary and permanent basis to avoid and refrain from all forms of unfair business practices in the future.

## FIFTH CAUSE OF ACTION
## CONSTRUCTIVE TRUST
### [Against All Defendants]

56. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs above as though set forth fully herein.

57. Mr. Daroya has a right to access the moneys wrongfully acquired by the Defendants through their course of their fraudulent scheme.

58. As described above, Defendants have wrongfully acquired and/or detained Mr. Daroya's property.

59. Equity demands that Mr. Daroya is entitled to a constructive trust

placed over all of the sums wrongfully acquired by the Defendants and/or any property acquired by Defendants with such sums.

## PRAYER

Wherefore, Plaintiffs pray for judgment and relief from the Court as follows:

    a. Compensatory damages in an amount to be proven at trial, but believed to be in excess of $200,000;

    b. Three times the amount of compensatory damages proven at trial pursuant to 18 U.S.C. § 1964;

    c. Punitive and exemplary damages pursuant to California Civil Code § 3294;

    d. Costs of suit, including reasonable attorneys' fees;

    e. Interest as allowable under applicable law;

    f. The disgorgement of any sums wrongfully acquired by Defendants;

    g. A constructive trust placed over sums properly belonging to Mr. Daroya but that were wrongfully acquired by Defendants;

    h. For injunctive relief prohibiting Defendants from engaging in further racketeering activities and/or fraudulent schemes;

    a. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury of all causes of action and issues that are triable by a jury.

Dated: April 22, 2022

**NELSON COMIS KETTLE & KINNEY LLP**
By: _____
Keith Fichtelman
Attorneys for Plaintiff
JEROME DAROYA