'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JEROME DAROYA,<br><br>        Plaintiff,<br><br>    v.<br><br>MARY JOSEPHINE DAROYA-LUSHINA; and DOMINICK RAMOS,<br><br>        Defendants. | CV 22-02695-RSWL-JCx<br><br>**ORDER re: Defendants' Motion to Dismiss** [13] |
|---|---|

Plaintiff Jerome Daroya ("Plaintiff") initiated this Action [1] on April 22, 2022, against Defendants Mary Josephine Daroya-Lushina and Dominick Ramos (collectively, "Defendants"). Plaintiff brings a claim against Defendants for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), along with state law claims for conversion, breach of fiduciary duty, constructive trust, and violation of the California Business and Professions Code.

Currently before the Court is Defendants' Motion to Dismiss ("Motion") [13], made pursuant to Rules 12(b)(1)

1

and (6) of the Federal Rules of Civil Procedure.  Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS**: the Court **GRANTS** Defendant's Motion **with leave to amend.**

## I. BACKGROUND

**A. Factual Background**

The First Amended Complaint ("FAC") alleges the following:

Upon the death of their father, Plaintiff and Defendant Mary Daroya-Lushina ("Daroya-Lushina") inherited a property located at 21610 South Perry Street, Unit 15 in Carson, California ("the Property"). FAC ¶ 10, ECF No. 12.  On or about September 30, 2020, Plaintiff and Daroya-Lushina created a limited liability company known as Cookie and Kuya Enterprises, LLC ("CKE"), to hold their joint interest in the Property. Id. ¶¶ 10-11.  Plaintiff and Daroya-Lushina each owned a 50% membership interest in CKE.  Id. ¶ 11.

In 2021, Defendants jointly undertook a fraudulent scheme to deprive Plaintiff of his interest in CKE, to sell the Property, and to divert the proceeds from the sale to themselves and away from Plaintiff.  Id. ¶ 14. On September 23, 2021, Ramos electronically filed a fraudulent Statement of Information ("SOI") with the California Secretary of State.  Id. ¶ 15.  This SOI contained numerous falsehoods, including an altered mailing address for CKE and a statement that Daroya-Lushina was its sole manager.  Id.

Around the same time, Defendants contacted Opendoor, a company that makes cash offers for properties. Id. ¶ 17. Defendants submitted fraudulent documents to Opendoor, including a copy of CKE's Operating Agreement showing that Plaintiff had a 5% ownership interest in CKE rather than his actual 50% ownership interest. Id. ¶ 19. Defendants submitted further documentation suggesting that Plaintiff had surrendered all interest in CKE. Id. Daroya-Lushina proceeded to sell the Property to Opendoor for $496,000 and did not provide any share of the proceeds to Plaintiff. Id. ¶¶ 21-22.

Additionally, Daroya-Lushina falsely identified herself as the sole officer and director of Jose K. Daroya, CPA APC ("APC"), a company created by their father prior to his passing. Id. ¶¶ 24-25. Defendants allegedly obtained at least $16,879 through a Paycheck Protection Program loan and $86,000 in Economic Injury Disaster Loans on behalf of APC. Id. ¶ 25. Lenders are now seeking to collect payments for these loans from Plaintiff and his associated businesses. Id. Lastly, Defendants attempted to fraudulently obtain a loan in the name of one of Plaintiff's business clients, causing the client to terminate his business relationship with Plaintiff. Id. ¶ 26.

**B.  Procedural Background**

Plaintiff filed his Complaint [1] on April 22, 2022, and filed his FAC [12] on June 20, 2022. The FAC

3

asserts claims against Defendants for: (1) civil RICO violations; (2) conversion (against Daroya-Lushina only); (3) breach of fiduciary duty; (4) violations of California Business and Professions Code; and (5) constructive trust.

Defendants filed the instant Motion to Dismiss [13] on July 11, 2022. Plaintiff opposed [16] the Motion on July 26, 2022. Defendants replied [17] on August 2, 2022.

## II. DISCUSSION

### A. Legal Standard

#### 1. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Dismissal is warranted for "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. Swartz v.

1 | KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).  A court
2 | must presume that all material allegations in the
3 | complaint are true and construe them in the light most
4 | favorable to the plaintiff.  Klarfeld v. United States,
5 | 944 F.2d 583, 585 (9th Cir. 1991).  While a complaint
6 | need not contain detailed factual allegations, a
7 | plaintiff must provide more than "labels and
8 | conclusions" or "a formulaic recitation of the elements
9 | of a cause of action."  Bell Atl. Corp. v. Twombly, 550
10 | U.S. 544, 555 (2007).  The question is not whether the
11 | plaintiff will ultimately prevail, but whether the
12 | plaintiff is entitled to present evidence to support the
13 | claims.  Jackson v. Birmingham Bd. of Educ., 544 U.S.
14 | 167, 184 (2005) (quoting Scheuer v. Rhodes, 416 U.S.
15 | 232, 236 (1974)).
16 |         2.    Rule 12(b)(1)
17 |      Rule 12(b)(1) of the Federal Rules of Civil
18 | Procedure allows a litigant to seek dismissal of an
19 | action for lack of subject matter jurisdiction.  Under
20 | 28 U.S.C. § 1367, a court has supplemental jurisdiction
21 | over all claims that form part of the same case or
22 | controversy as claims over which the court has original
23 | jurisdiction.  However, a district court may decline to
24 | exercise supplemental jurisdiction over a state law
25 | claim when all claims over which it has original
26 | jurisdiction have been dismissed.  28 U.S.C.
27 | § 1367(c)(3).  This decision should be informed by the
28 | values of economy, convenience, fairness, and comity.

United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1996).

**B. Analysis**

    1. RICO Claim

The RICO statute makes it unlawful for any person to conduct or participate in an enterprise's affairs through a pattern of racketeering activity. 18 U.S.C. § 1962(c). To state a claim under RICO, Plaintiff must allege facts establishing: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005) (quoting Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996)).

Defendants argue that Plaintiff's RICO claim must be dismissed because the FAC fails to allege: (1) the requisite predicate acts; (2) a pattern of racketeering activity; (3) the existence of an enterprise; and (4) a cognizable RICO injury. See Defs.' Mem. P. & A. in Supp. of Mot. to Dismiss ("Mot.") 3:11-8:10, ECF No. 13-1. The Court finds that Plaintiff's RICO claim fails because the FAC fails to allege a cognizable RICO injury that was proximately caused by a pattern of predicate acts. The Court therefore **GRANTS** Defendant's Motion as to Plaintiff's RICO cause of action.

        a. Enterprise

An "enterprise" includes "any individual,

partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "Under RICO, two types of associations meet the definition of enterprise: The first encompasses organizations such as corporations and partnerships, and other legal entities. The second covers any union or group of individuals associated in fact although not a legal entity." Shaw v. Nissan N. Am., Inc., 220 F. Supp. 3d 1046, 1053 (C.D. Cal. 2016) (internal quotation marks omitted) (quoting United States v. Turkette, 452 U.S. 576, 581–82 (1981)).

    Here, Plaintiff argues that the FAC alleges two distinct enterprises. See Opp'n 9:13-14, ECF No. 16. First, it alleges that Daroya-Lushina and Ramos "infiltrated and acted through CKE." Id. at 9:13-15. Second, it alleges that an association-in-fact enterprise existed between Daroya-Lushina, Ramos, CKE, APC, and potentially others. Id. at 9:22-25. The Court analyzes the allegations pertaining to each potential enterprise in turn.

    With regard to Defendants' alleged infiltration of CKE, the Court finds that Plaintiff has adequately alleged the existence of an enterprise. A RICO enterprise must be "an entity separate and apart from the pattern of [racketeering] activity in which it engages." Turkette, 452 U.S. at 583. The FAC describes CKE as a legitimate LLC, which Defendants infiltrated

and conducted through a pattern of racketeering activity. See FAC ¶ 15. CKE therefore existed separately from the alleged racketeering activity for which it was used, and thus constitutes a RICO enterprise. See United Energy Owners Comm., Inc. v. U.S. Energy Mgmt. Sys., Inc., 837 F.2d 356, 362-64 (9th Cir. 1988).

As for the alleged association-in-fact enterprise, however, Plaintiff's allegations are insufficient. An association-in-fact enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." Turkette, 452 U.S. at 583. The enterprise must have some sort of structure or framework, meaning there must be "relationships among those associated with the enterprise." Boyle v. United States, 556 U.S. 938, 946 (2009). Here, the FAC does not allege any relationship between CKE and APC. While Plaintiff alleges that Daroya-Lushina and Ramos used both entities to commit racketeering activity, the acts involving each entity were completely unrelated to one another. The two companies therefore had no common purpose, and they were not associated together to form "a vehicle for the commission of two or more predicate acts." See Odom v. Microsoft Corp., 486 F.3d 541, 552 (9th Cir. 2007). Plaintiff therefore fails to allege the existence of an association-in-fact enterprise.

Because Plaintiff has sufficiently alleged the existence of an enterprise through CKE only, the Court

analyzes the predicate acts discussed in the FAC pertaining solely to CKE.

### b. Injury Caused by Predicate Acts

A RICO claim requires a pattern of two or more predicate acts that cause injury to the plaintiff's business or property. Living Designs, 431 F.3d at 361. A predicate act is "any act indictable under any of the statutory provisions listed in 18 U.S.C. § 1961(1)." In re Toyota Motor Corp., 785 F. Supp. 2d 883, 918 (C.D. Cal. 2011). Here, the predicate acts Plaintiff alleges are mail fraud in violation of 18 U.S.C. § 1341 and wire fraud in violation of 18 U.S.C. § 1343. See FAC ¶ 36.

Plaintiff alleges that Defendants committed mail and wire fraud through the CKE enterprise for essentially two purposes. First, Ramos engaged in a single act of wire fraud to falsely identify Daroya-Lushina as the sole manager of CKE. FAC ¶ 15. Second, Defendants jointly engaged in mail or wire fraud to sell the Property, which was CKE's main asset, and to collect the proceeds of the sale for themselves. Id. ¶¶ 19, 21. In turn, Plaintiff suffered two distinct injuries. The first act of wire fraud deprived Plaintiff of his rightful interest in CKE. Id. ¶ 14. The sale of the Property deprived Plaintiff of his rightful share in the proceeds of the sale. Id.

While Plaintiff's first injury — loss of membership interest in CKE — may be a cognizable RICO injury, this harm arose from a single act of wire fraud. A single

predicate act is insufficient to establish a pattern of racketeering activity. 18 U.S.C. § 1961(5) ("[A] 'pattern of racketeering activity' requires at least two acts of racketeering activity."). Thus, the merit of Plaintiff's RICO claim turns on whether Plaintiff has alleged that Defendants' other predicate acts — related to the sale of the Property — caused a cognizable RICO injury. The Court concludes that Plaintiff has not, and Plaintiff's RICO claim therefore fails. Because this conclusion is dispositive, the Court does not reach Defendants' other arguments as to the merits of the RICO claim.

To allege a cognizable RICO injury, Plaintiff must show "a harm to a specific business or property interest" that was caused directly by Defendants' RICO violation. In re ZF-TRW Airbag Control Units Prods. Liab. Litig., No. LA ML19-02905 JAK (FFMx), 2022 WL 522484, at *59-60 (C.D. Cal. Feb. 9, 2022) (citations omitted). Here, Plaintiff alleges that Defendants' sale of the Property deprived Plaintiff of his rightful share in the sale's proceeds. FAC ¶ 14. Plaintiff argues that because he has a 50% ownership interest in CKE, he is entitled to at least 50% of the proceeds from the sale of CKE's main asset. Opp'n 10:8-13.

Under California law, however, "members of [an] LLC hold no direct ownership interest in the company's assets." PacLink Commc'ns Int'l, Inc. v. Superior Ct., 109 Cal. Rptr. 2d 436, 440 (Cal. Ct. App. 2001). Thus,

"the members cannot be directly injured when the company is improperly deprived of those assets." Id. That deprivation "constitutes an injury to the company itself," and any action brought by an individual member must be derivative in nature on the company's behalf. Id. Here, Plaintiff's alleged deprivation of his fair share of the proceeds is only incidental to the injury caused to CKE itself. See PacLink, 109 Cal. Rptr. 2d at 441. Because the injury alleged in the FAC was one to the LLC and not to Plaintiff directly, Plaintiff lacks standing to assert it. See Sparling v. Hoffman Const. Co., Inc., 864 F.2d 635, 640-41 (9th Cir. 1988) (concluding that shareholder plaintiff lacked RICO standing where RICO claims were based on injury to corporation). Plaintiff has therefore failed to assert a cognizable RICO injury caused by the predicate acts committed by Defendants in selling the Property.

In sum, while Plaintiff may have properly alleged the existence of an enterprise and the requisite number of predicate acts, Plaintiff has failed to allege that those acts caused harm to Plaintiff's business or property. Plaintiff therefore fails to state a civil RICO claim, and the Court **GRANTS** Defendant's Motion.

2. Supplemental Jurisdiction

Defendants further request that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Mot. 9:15-16. A district court may decline to exercise supplemental jurisdiction over state

law claims where the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). "[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Here, Plaintiff's second through fifth causes of action are state law claims within the Court's discretionary supplemental jurisdiction. Because Plaintiff's only federal claim is subject to dismissal, the Court declines to address the Motion's arguments as to Plaintiff's conversion claim. If Plaintiff does not amend the FAC to properly state a federal claim for relief, the Court will dismiss the remaining state law claims. See Nguyen v. Global Equip. Servs. & Mfg., Inc., No. 18-cv-01824-NC, 2018 WL 10758158, at *6 (N.D. Cal. Oct. 2, 2018).

### 3. Leave to Amend

"The court should give leave [to amend] freely when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Against this extremely liberal standard, the Court may consider "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

Here, Plaintiff requests leave to amend to cure the FAC's deficiencies and to allege facts related to "further fraudulent actions" that may support a civil RICO claim. See Opp'n 1:6-9. It is possible that Plaintiff could allege new facts to cure the deficiencies outlined above. The Court therefore dismisses Plaintiff's RICO claim **with leave to amend.**

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Motion as to Plaintiff's RICO claim **with leave to amend.** Plaintiff may file a Second Amended Complaint to cure the deficiencies outlined above within thirty (30) days of this Order. Because the only federal claim is subject to dismissal, the Court declines to address the merits of Plaintiff's state law causes of action.

**IT IS SO ORDERED.**

DATED: August 16, 2022      /s/ Ronald S.W. Lew
                            **HONORABLE RONALD S.W. LEW**
                            Senior U.S. District Judge